IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES CURRY, JR., # T5448                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 3:13cv76-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.                                                   DEFENDANTS

**ORDER DISMISSING MDOC, STATE COURTS, AND OXFORD COUNTY JAIL**

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff James Curry, Jr., is incarcerated with the Mississippi Department of Corrections ("MDOC"). He filed this action for damages and injunctive relief, challenging various conditions of his confinement, as well as his convictions and the calculation of his sentences. The Court has considered and liberally construed the pleadings. As set forth below, Defendants MDOC, Lee and Monroe County Circuit Courts, and "Oxford County Jail"[1] are dismissed.

**I.    Background**

Curry initiated this action on February 4, 2013. Among others, he sues MDOC, Lee County Circuit Court, Monroe County Circuit Court, and Oxford County Jail. As is relevant to them, he challenges various conditions of his confinement, his two convictions for possession of cocaine, and the calculation of his sentences. He seeks damages, a transfer, and, in the alternative, release.

The various conditions claims include allegations of past excessive force as well as imminent danger of serious physical injury by various correctional officers and inmates. Curry

---

[1]The Court presumes Curry means the Lafayette County Jail, located in Oxford, Mississippi.

also complains of denial of personal hygiene, a mattress, medical attention, and recreation, among other things.

As for Curry's convictions, he alleges he was convicted and sentenced by Judge Jim Pounds of the Lee County Circuit Court on October 31, 2012, and of the Monroe County Circuit Court on November 15. Curry claims both convictions were in violation of his rights to effective assistance of counsel and a speedy trial. Curry also alleges that the prosecutions were barred by the statute of limitations and that he was not mentally competent. Additionally, he claims that he was denied the right to have counsel of his choosing in the Lee County conviction.

As for the calculation of his sentences, Curry alleges that he is not being credited for time spent, pretrial, in the "Oxford County Jail," or for time he spent in federal prison in Florida, subject to an MDOC detainer.

## II. Discussion

Curry brings 42 U.S.C. § 1983 claims for unconstitutional conditions of confinement and wrongful convictions and sentences. He likewise seeks habeas relief pursuant to 28 U.S.C. § 2254.

### A. § 1983

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Curry to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

 1. <u>MDOC</u>

Curry sues MDOC under § 1983, and, read liberally, under state law for alleged unconstitutional conditions and wrongful convictions and sentences. He seeks damages for all claims and injunctive relief for alleged imminent danger of physical injury.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of*

*Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the § 1983 claims against MDOC are dismissed.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). The Court notes that Curry sues various MDOC officers, both in their individual and official capacities. Thus, to the extent he seeks injunctive relief related to the conditions of confinement, those claims shall proceed against the officers in their official capacities.[2]

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state-law claims against MDOC are dismissed as well.

    2.    <u>Judicial Immunity</u>

The state courts are entitled to judicial immunity. Because Curry attacks his convictions based on perceived flaws during the criminal proceedings, he is actually suing the trial judge. Curry alleges that Judge Jim Pounds presided in both cases. Curry complains about actions taken in the course and scope of Judge Pounds's role as judge over Curry's cases: setting the trial

---

[2]Curry's claims for wrongful convictions and sentences shall not proceed against the official capacity defendants—or any other defendants—because they are barred by *Heck v. Humphrey* as discussed below. 512 U.S. 477 (1994).

dates, appointing counsel, ruling on the mental evaluation, accepting the guilty pleas, and denying a dismissal based on the statute of limitations.

A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that Judge Pounds is absolutely immune from this lawsuit. The decisions as to when to schedule trial, whether to appoint counsel and allow counsel to withdraw, whether to accept a guilty plea, whether to accept a mental evaluation, and ruling on the statute of limitations are clearly within the normal judicial function which arose out of Judge Pounds's official capacity. Furthermore, there is no indication that his actions occurred outside the courtroom or his chambers. The controversy undisputedly centers around criminal cases pending before him. Consequently, this Court finds

5

that Curry cannot maintain an action pursuant to 42 U.S.C. § 1983 against the state courts or Judge Pounds.

        3.       *Heck v. Humphrey*

Even if the state courts were not immune, the claims against them, the Oxford County Jail, MDOC, and any other defendant based on the validity of Curry's convictions or sentences are due for dismissal. Curry sues the state courts for what he maintains are illegal convictions. He complains that he was convicted contrary to his rights to effective assistance of counsel, speedy trial, have a mental evaluation, a knowing plea, and hire his own attorney. The trial judge purportedly also denied Curry's motions to bar the prosecutions based on the statute of limitations. Curry also sues the Oxford County Jail, complaining that he is not being given any credit for time spent in jail prior to his convictions.

A § 1983 claim that challenges the fact or duration of a State conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on these claims would necessarily invalidate Curry's state court convictions and sentences. These claims could only proceed if he proves the convictions and sentences have

already been invalidated. He admits they still stand and that the state trial courts recently denied him post-conviction relief based on these very claims. Therefore, it is clear that he has not yet been granted post-conviction relief in this matter.

Because the convictions and sentences have not yet been invalidated, Curry is precluded by *Heck* from challenging them in this § 1983 civil action. The § 1983 claims against the County Jail and any other non-immune defendants against whom Curry brings these claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the state court convictions and sentences invalidated via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

B.  Habeas

Construing Curry's *pro se* amended pleadings liberally, the Court finds that Curry is also making habeas claims under § 2254. This is because he asks the Court for accelerated release based on the alleged illegal convictions and sentences.

Before Curry can pursue habeas claims in this Court, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claims, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

The only attempts at exhaustion Curry describes are a motion for post-conviction relief with the state trial courts. Because the habeas claims are unexhausted, they are dismissed without prejudice.

## III.   Conclusion

MDOC, Lee County Circuit Court, Monroe County Circuit Court, and the Oxford County Jail are dismissed. MDOC is not a § 1983 "person" and the federal claims are otherwise barred by *Heck*. MDOC is also immune from suit in federal court on the state-law claims. The § 1983 claims against the Lee and Monroe County Circuit Courts and Oxford County Jail are dismissed per *Heck*, and because the state courts are immune. To the extent the complaint could be read as presenting a claim against any other defendant challenging the convictions and sentences, those claims are likewise dismissed per *Heck*. Finally, the habeas claims are unexhausted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the § 1983 claims against Defendant Mississippi Department of Corrections should be and are hereby **DISMISSED WITH PREJUDICE**. The state-law claims against MDOC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Lee County Circuit Court and Monroe County Circuit Court are **DISMISSED WITH PREJUDICE**, and that Oxford County Jail is **DISMISSED WITH PREJUDICE** until *pro se* Plaintiff James Curry, Jr., successfully has the state-court convictions and sentences invalidated, via appeal, post conviction relief, habeas, or otherwise. These dismissals count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the § 2254 habeas claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE