IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES CURRY                                                                                           PLAINTIFF

VS.                                                               CIVIL ACTION NO. 3:13cv76-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.                                                                           DEFENDANTS

## ORDER

James Curry brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement in psychological observation at Central Mississippi Correctional Facility (CMCF).  Presently before the Court is Defendants' motion to dismiss for failure to exhaust administration remedies.  Having considered the motion and Plaintiff's response, the Court concludes that the motion should be granted.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  Defendants' evidence establishes that while Plaintiff submitted a grievance concerning the conditions of his confinement at CMCF, it was set aside because of previously-filed grievances.  Plaintiff had failed to complete the administrative remedies process at the time he filed the present lawsuit.  For this reason, Defendants' motion is granted, and Plaintiff's complaint is dismissed without prejudice.

A separate order of dismissal will be entered.

So ordered, this the 21st day of October, 2013.

                                        <u>/s/ F. Keith Ball</u>
                                        UNITED STATES MAGISTRATE JUDGE